OPINION
Lowell N. Payne appeals from a judgment of the Montgomery County Court of Common Pleas, which adjudicated him to be a sexual predator.
In 1988, Payne was convicted of three counts of rape in violation of R.C. 2907.02(A)(1)(b) (rape of a person under the age of thirteen) and three counts of rape in violation of R.C. 2907.02(A)(2) (sexual conduct compelled by force or threat of force). He was sentenced to three life terms for the rapes of a person under thirteen and to three terms of six to twenty-five years for the rapes by force, all to be served concurrently. These offenses involved Payne's two step-daughters, with whom he had had oral, vaginal, and anal intercourse several times per week beginning when they were six and seven years old and continuing until they were twelve and fourteen years old. Payne had compelled the girls' participation and their silence about the abuse by threatening to harm them or their family members. There was also evidence that Payne had used handcuffs and other sexual "paraphernalia" in the commission of these crimes and that, at times, Payne engaged in sexual conduct with both girls at the same time. Payne apparently impregnated the older girl twice, but she miscarried both times.
In August 2000, the trial court conducted a Sexual Offender Classification Examination to determine whether Payne was a sexual predator. The parties stipulated to a joint exhibit which contained a House Bill 180 screening instrument completed by a probation officer, police reports, witness statements, and forensic evaluations. No testimony was presented at the hearing, but Payne, his attorney, and the prosecutor made statements to the court. The trial court concluded that Payne was a sexual predator.
Payne raises one assignment of error on appeal.
 THE TRIAL COURT ERRED IN CLASSIFYING APPELLANT AS A SEXUAL PREDATOR AS THE STATE FAILED TO PRESENT CLEAR AND CONVINCING EVIDENCE THAT APPELLANT IS LIKELY TO COMMIT ANOTHER SEXUALLY ORIENTED OFFENSE IN THE FUTURE.
Payne contends that the state did not present clear and convincing evidence that he was a sexual predator because "the forensic report * * *, when read as a whole, minimized the likelihood of recidivism." He claims that the recent psychological evaluations were entitled to more weight than the circumstances surrounding the crimes, which had occurred more than twelve years prior to the sexual predator hearing.
A sexual predator is "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). The trial court may consider all relevant factors in determining whether a defendant is a sexual predator. R.C. 2950.09(B)(2) and (C)(2)(b); State v. White (Nov. 5, 1999), Miami App. No. 98-CA-37, unreported.
Many factors weighed in favor of the trial court's conclusion that Payne is a sexual predator, including the existence of multiple victims, the age of the victims, the nature of Payne's sexual conduct with the victims, and his threats to kill the girls or their family members if they revealed his actions. All of these factors related to the nature of Payne's offenses and, although these crimes had occurred twelve years or more earlier, the trial court reasonably concluded that "the frequency and duration of the sexual assaults" was a "major consideration." The trial court also considered the fact that Payne had failed to complete the Polaris sexual offender treatment program as recommended by the Parole Board and that he had not availed himself of substance abuse counseling, although he claimed that substance abuse had played a role in the offenses. Moreover, Payne did not express remorse or accept responsibility for committing these offenses or for failing to seek treatment.
Payne claims that the forensic evaluation, "when read as a whole, minimized the likelihood of recidivism," and that this information was entitled to more weight than information about the offense itself because it had been obtained more recently. Payne maintains that, because of the low risk factors demonstrated by the forensic evaluation, there was not clear and convincing evidence that he was likely to reoffend.
In the forensic evaluation, Dr. Philip J. Gibeau discussed three assessments that he had performed on Payne relating to his likelihood of recidivism. The result of the first assessment indicated that Payne was a mild to moderate risk to reoffend. The second assessment projected a 4.4% risk that Payne would sexually offend over five years and a 6.5% risk that Payne would offend over ten years. The third assessment placed him at high risk of offending. These results, viewed as a whole, did not strongly support Payne's position that he should not have been classified as a sexual predator, as he suggests. The trial court noted that the results of the assessments were "greatly inconsistent, and based on the same hypotheses, they appear[ed] to come to different conclusions." Accordingly, the trial court "discounted those sex offender's recidivism tests" in reaching its conclusion. Although Payne would have liked the trial court to place great weight on the assessment that indicated the lowest risk of recidivism, the trial court reasonably chose to reject the results altogether rather than to try to determine which tests were more reliable.
The trial court's sexual predator determination was supported by clear and convincing evidence.
Payne's assignment of error is overruled.
The judgment of the trial court will be affirmed.
 _____________ WOLFF, P. J.
GRADY, J. and YOUNG, J., concur.